UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Claire C. Cecchi |
| v. | | |
| | : | Crim. No.  24-599 (CCC) |
| SEUNG HAN SHIN | | |
|   a/k/a "Aaron Shin" | : | |

## MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

Pursuant to Title 18, United States Code, Section 3161, this matter having come before the Court on the motion of Philip R. Sellinger, United States Attorney for the District of New Jersey (by Shontae D. Gray, Assistant U.S. Attorney and Kevin V. Di Gregory, Special Assistant United States Attorney, appearing), the Government hereby moves for an Order to exclude time under the Speedy Trial Act in accordance with 18 U.S.C. §§ 3161(h)(1)(D) and (h)(7)(A)-(B).  In support thereof, the Government states as follows:

1.  On or about September 18, 2024, a Grand Jury sitting in Newark, New Jersey returned a seven-count indictment charging Bruce Egert ("Egert"), Nelson Kong ("Kong"), Seung Han Shin ("Shin"), and Francisco Sanchez ("Sanchez") with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (Count One); bank fraud, in violation of 18 U.S.C. §§ 1344 and 2 (Counts Two through Four); and false statements, in violation of 18 U.S.C. §§ 1014 and 2 (Counts Five through Seven).  See ECF No. 1.  Kong and Shin were arraigned on the Indictment on September 19, 2024, and Egert and Sanchez were arraigned on September 23, 2024.

2. Egert and Sanchez have agreed to a Speedy Trial Act ("STA") continuance from between on or about September 23, 2024 and December 23, 2024. ECF Nos. 26, 34. Kong has agreed to an STA continuance from between on or about October 2, 2024 and December 23, 2024. ECF No. 38.

3. Egert, Sanchez, and Kong have also subsequently agreed to a protective order, scheduling order for the exchange of discovery, including that this matter may be treated as a criminal case that requires extensive discovery within the meaning of paragraph 4 of this Court's Standing Order for Criminal Trial Scheduling and Discovery (the "Scheduling Order"), and STA continuances through April 15, 2025.

4. There is currently no STA continuance for Shin, and he has not agreed to the Scheduling Order or proposed protective order.

5. On or about September 26, 2024, the Government sent Shin's prior counsel, Michael Kimm, Esq., a proposed continuance, which was not returned. On or about October 2, 2024, Michael D. Critchley, Esq., Amy D. Luria, Esq., Armando B. Suarez, Esq., and Juliet M. Scholes, Esq. filed notices of appearance on behalf of Shin. ECF Nos. 17-20. On or about October 17, 2024, the Government met and conferred with Shin's new counsel regarding the facts of the case, the Government's evidence, and an overview of the nature of discovery in this matter, including that it is expected to be voluminous.

6. On or about October 25, 2024, the Government sent Shin the Scheduling Order and a proposed protective order. On or about November 1, 2024, Shin's counsel submitted proposed revisions to the Scheduling Order and protective order.

7. On or about November 4, 2024, the parties met and conferred regarding the Scheduling Order, protective order, and counsel's proposed revisions, which were rejected by the Government. On or about November 6, 2024, Shin's counsel reiterated his objection to the Scheduling Order and protective order[1].

8. Paragraph 1 of the Scheduling Order (attached as **Exhibit A**) states:

> The Government shall provide discovery required by Federal Rule of Criminal Procedure 16(a)(1) on a rolling basis, beginning with a production within one week of the Court's entry of a protective order regarding discovery. The Government shall provide *substantially* all discovery required by Federal Rule of Criminal Procedure 16(a)(1) on or before January 31, 2025. (emphasis added).

Counsel requested that "substantially" be removed from the Scheduling Order.

9. On or about November 8, 2024, the Government advised again that the Government would not agree to the request, and that, "we will endeavor to produce everything subject to Rule 16 in our possession but as we prepare for trial there may well be additional material obtained. Also, and as you are aware, under Rule 16 c, the parties have a continuing duty to disclose." For those reasons, the Government will not agree to remove "substantially" from the proposed order.

10. On or about November 11, 2024, the Government again sent counsel the Scheduling Order and a proposed continuance. On or about November 22, 2024, nearly 3 weeks after all other counsel agreed to the Scheduling Order, Shin's counsel sent the Government additional proposed revisions to the Scheduling Order and, for

---

[1] On or about November 27, 2024, the Government filed a separate motion for entry of the proposed protective order. *See* ECF No. 40.

the first time, requested that the due dates for defense discovery be extended through May 31, 2025.

11. The Government now submits this motion to request that this Court (1) designate this matter as complex pursuant to 18 U.S.C. § 3161 (h)(7) and enter the proposed scheduling order that has been agreed to by all other defendants; and (2) grant a continuance based on the complexity of this case and the anticipated time needed by the parties to adequately prepare for trial.

12. Under the Speedy Trial Act, 18 U.S.C. § 3161 *et. seq.*, a defendant must generally be brought to trial within seventy days of his initial appearance or the making public of the indictment, whichever last occurs. However, certain time periods are excluded from the seventy-day calculation, including: the pendency of any pretrial motion (from its filing through the hearing or ruling on the motion), 18 U.S.C. § 3161(h)(1)(D); any delay resulting from a continuance granted in furtherance of "the ends of justice," 18 U.S.C. § 3161(h)(7)(A); *see Bloate v. United States*, 130 S.Ct. 1345, 1358 (2010), *quoting Zedner v. United States*, 547 U.S. 489, 498-99 (2006) (finding that "[s]ubsection (h)(7) provides "[m]uch of the Act's flexibility," … and gives district courts "discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs."); whether "the case is so unusual or so complex, due … to the nature of the prosecution … that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" established by the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii); and "[w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so

4

unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," 18 U.S.C. § 3161 (h)(7)(B)(iv).

13. The STA also excludes: "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." *Id.* § 3161(h)(6). In other words, until a severance is granted, an exclusion applicable to one defendant applies to all co-defendants. *See United States v. Claxton*, 766 F.3d 280, 292 (3d Cir. 2014); *United States v. Novak*, 715 F.2d 810, 814 (3d Cir. 1983) (emphasizing the Act's "strong congressional preference for joint trials and an intention that delays resulting from the joinder of codefendants be liberally excluded").

14. The nature of this case is unusually complex as contemplated by 18 U.S.C. § 3161(h)(7)(B)(ii). First, the charges stem from a nearly seven-year long investigation into a short sale fraud scheme perpetuated by Shin and his co-conspirators. Shin was a bankruptcy attorney who was licensed and practiced in New Jersey. From in or around June 2013 through in or around December 2016, Shin participated in a short sale fraud scheme involving multiple properties. In furtherance of the scheme and at the request of a now convicted co-conspirator, Mehdi

Kassai ("Kassai"),[2] who was trying to acquire short sale properties, Shin prepared and filed fraudulent bankruptcy petitions purportedly on behalf of the short sellers and without their knowledge. Although Kassai paid Shin's fees, Shin never disclosed Kassai's involvement and falsely represented to the Bankruptcy Court that the short sale sellers were paying him. Kassai was the actual buyer of the short sale properties, and for some of the transactions the conspirators used stolen identities.

15. Additionally, discovery in this matter is expected to be voluminous, consisting of, among other things, voluminous records and documents obtained through grand jury process, emails, text messages, and other electronic correspondence, bank records, phone records, transaction records, financial records and contracts, and mortgage loan files.

16. The Government also anticipates that there will be numerous pretrial motions filed in this matter by all parties, requiring the Court's consideration.

17. The STA also specifically acknowledges that even when a case is "not so unusual or complex," in considering whether to grant a continuance, the "reasonable time necessary for effective preparation, taking into account the exercise of due diligence" may be a factor considered by the court. *See* 18 U.S.C. § 3161 (h)(7)(B)(iv). Given the voluminous discovery in this case and the arguments put forth above, counsel will need time to effectively prepare. Thus, the defendants' right to a speedy

---

[2] On or about December 18, 2028, Kassai pled guilty to a four count Information charging him with two counts of bank fraud, one count of wire fraud, and one count of money laundering. On or about May 24, 2023, he was sentenced to 16 months' imprisonment and 3 years' supervised release.

6

trial must be balanced by the complexity and expanse of this case to avoid a miscarriage of justice.

18. Lastly, given that Shin's co-defendants currently have continuances in place through December 23, 2024, and have agreed to subsequent continuances through April 15, 2025, entry of a continuance for Shin is appropriate. *See United States v. Bush*, 741 F. App'x 110, 117 (3d Cir. 2018) (citing *United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993)) (finding that where "a continuance was a valid exclusion from the speedy trial clock for one co-defendant, it was valid as to all co-defendants").

19. Therefore, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice are served by deeming this matter complex and granting a continuance. These interests outweigh the interest of the public and the defendants in a speedy trial because a continuance will provide the defendants and their attorneys, along with the Government, taking into account the exercise of due diligence, the time and opportunity reasonably necessary to prepare for trial. *See* 18 U.S.C. § 3161 (h)(7)(B)(iv).

WHEREFORE, for the reasons set forth above, the Government respectfully requests that this Court designate this matter as complex 18 U.S.C. § 3161 (h)(7) and further Order the following:

1. The Government shall provide discovery required by Federal Rule of Criminal Procedure 16(a)(1) on a rolling basis, beginning with a production within one week of the Court's entry of a protective order regarding discovery. The

Government shall provide substantially all discovery required by Federal Rule of Criminal Procedure 16(a)(1) on or before January 31, 2025;

2. The Government shall provide exculpatory evidence, within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, on or before January 31, 2025. Exculpatory evidence that becomes known to the Government after that date shall be disclosed reasonably promptly after becoming known to the Government;

3. The Defendant shall provide all discovery required by Federal Rule of Criminal Procedure 16(b)(1) on or before March 31, 2025;

4. The Defendant shall provide any and all notices required by Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3 on or before March 31, 2025;

5. A status conference shall be held on _____, at _____, in order to assess the progress of discovery; to determine a schedule for the production of additional discovery if necessary; and to consider any discovery disputes if necessary; and to set or consider setting a schedule for pretrial motions.

6. The trial date and further dates and proceedings, if necessary, shall be set by the Court; and

7. The time period from the date of the filing of this Motion through April 15, 2025 shall be tolled and excluded from the time computed under the Speedy Trial Act pursuant to Title 18, United States Code, Sections 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(ii), (iv).

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

By: *Shontae D. Gray*
Shontae D. Gray
Assistant U.S. Attorney
Kevin V. Di Gregory
Special Assistant U.S. Attorney

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRUCE EGERT,<br>NELSON KONG,<br>SEUNG HAN SHIN,<br> a/k/a "Aaron Shin," and<br>FRANCISCO SANCHEZ | Criminal No. 24-599 (CCC)<br><br><u>SCHEDULING ORDER</u> |

This matter having come before the Court for arraignment; and the United States being represented by Philip R. Sellinger, United States Attorney for the District of New Jersey (by Shontae D. Gray, Assistant U.S. Attorney and Kevin V. Di Gregory, Special Assistant United States Attorney, appearing); and Bruce Egert being represented by Max Nicholas, Esq.; Nelson Kong being represented by John C. Whipple, Esq.; Seung Han Shin being represented by Michael D. Critchley, Esq. and Amy D. Luria, Esq.; Francisco Sanchez being represented by Michael K. Burke, Esq.; and the parties having met and conferred and having determined that this matter may be treated as a criminal case that requires extensive discovery within the meaning of paragraph 4 of this Court's Standing Order for Criminal Trial Scheduling and Discovery; and the parties having agreed on a schedule for the exchange of discovery; and the Court having accepted such schedule, and for good cause shown,

It is on this ___ day of _____, 2024, ORDERED that:

1. The Government shall provide discovery required by Federal Rule of Criminal Procedure 16(a)(1) on a rolling basis, beginning with a production within one week of the Court's entry of a protective order regarding discovery. The Government

shall provide substantially all discovery required by Federal Rule of Criminal Procedure 16(a)(1) on or before January 31, 2025.

    2. The Government shall provide exculpatory evidence, within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, on or before January 31, 2025. Exculpatory evidence that becomes known to the Government after that date shall be disclosed reasonably promptly after becoming known to the Government.

    3. The Defendant shall provide all discovery required by Federal Rule of Criminal Procedure 16(b)(1) on or before March 31, 2025.

    4. The Defendant shall provide any and all notices required by Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3 on or before March 31, 2025.

    5. A status conference shall be held on _____, at _____, in order to assess the progress of discovery; to determine a schedule for the production of additional discovery if necessary; to consider any discovery disputes if necessary; and to set or consider setting a schedule for pretrial motions.

    6. Jury selection shall commence on _____, at _____, and trial shall commence immediately thereafter.

                                                    _____
                                                    Honorable Claire C. Cecchi
                                                    United States District Judge